## Soil Conservation Assessments

JOHN SULLIVAN, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, July 9, 1958. —You have requested an interpretation of section 9(10) of the Soil Conservation Law of May 15, 1945, P. L. 547, 3 PS §857, which provides, with respect to soil conservation districts, as follows:

"The directors of a soil conservation district shall have the following powers in addition to those granted in other sections of this act: . . .

"(10) As a condition to extending any benefits under this act, or to the performance of work upon any lands not owned or controlled by the Commonwealth or any of its agencies, the board of directors may require contributions in money, services, materials or otherwise to any operations conferring such benefits and may require land occupiers to enter into and perform

such agreements or covenants as to the long term use of such lands as will tend to prevent or control erosion thereon."

You state that many farmers fear this language may commit them against their will, if they enter into the program, to make future contributions "in money, services, materials or otherwise". They are also concerned that they may be required in the future to practice erosion control methods not now in effect.

It is our understanding that these contributions are not now required under the agreement the farmer signs, and have never been required in the 20 years that soil conservation districts have operated in Pennsylvania. Nor have farmers ever been required to adopt new conservation practices not provided for in the agreements which they signed.

The Soil Conservation Law in no manner authorizes soil conservation districts to require any contributions, or any changes in farming methods, beyond those which the farmer has agreed to in his contract with them. What this particular section is designed to do is to permit the soil conservation district, if it finds such action necessary, to make new contracts with the farmer in which such contributions or farming changes will be required. This has no effect upon contracts already in existence. The farmer is not bound to enter into such new contract unless he wishes to do so. Unless he does so, of course, he will not receive any new advantages contained in the new contract.

We are of the opinion, and you are accordingly advised, that the farmer, therefore, may feel assured, in signing the form of contract now in effect, that he will not thereby be opening the door under section 9(10) of the Act of May 15, 1945, P. L. 547, 3 PS §857, to assessment or a new set of rules. He is bound only to what he has voluntarily agreed to do in return for the soil building aid he receives.